IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2001 Session

## MEGAN ARNOLD, ET AL. v. CHARLES ARNOLD, ET AL.

**Appeal from the Circuit Court for Hawkins County**
**No. 5144-J     John K. Wilson, Judge**

**FILED FEBRUARY 7, 2002**

**No. E2001-00596-COA-R3-CV**

---

This is a suit by a minor brought by her mother, and also by her mother individually against the minor's grandfather, Charles Arnold and her father Randy Arnold. The child was injured when she placed her hand into the fan belt of a tractor which was stationary with the engine running. The Trial Court granted the father's motion for summary judgment and denied the grandfather's. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right as to one Defendant; Rule 9 Appeal as to the other Defendant ; Judgment of the Circuit Court Affirmed; Cause Remanded**

Houston M. Goddard, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

R. Wayne Culbertson, Kingsport, Tennessee, for the Appellants, Megan Arnold, b/n/f and mother, Bobbie Arnold, and Bobbie Arnold individually

Thomas L. Kilday, Greeneville, Tennessee, for the Appellant, Charles Arnold

Rockforde D. King, Knoxville, Tennessee, for the Appellee, Randy L. Arnold

## OPINION

This is a suit by Megan Arnold, by her next friend and mother, Bobbie Arnold,[1] and Bobbie Arnold individually against Charles Arnold, grandfather of Megan, and father-in-law of Bobbie, and Randy L. Arnold, father of Megan, and husband of Bobbie. The suit seeks damages for injuries incurred by Megan when she placed her hand in an exposed tractor engine, causing severe damage

---

[1] The original complaint identified the mother as Lillian, but was amended to show the correct name–Bobbie.

to her hand. Bobbie seeks damages for medical expenses incurred in connection with Megan's injuries.

The Trial Court granted a summary judgment in favor of Randy, from which Megan and Bobbie purport to prosecute a Rule 3 appeal as of right and denied Charles's motion for summary judgment. We use the word "purport" because it does not appear that this is a final judgment below and no order was entered declaring the judgment to be final under Tenn.R.Civ.P. 54. In light of the fact that the Trial Court granted an interlocutory appeal as to the denial of summary judgment as to Charles, which we accepted, we deem it appropriate to treat this as an appeal under the provisions of Rule 54 that we might address both the action of the Trial Court in granting a summary judgment in favor of Randy and in denying summary judgment in favor of Charles.

Our standard of review has been recently stated in the case of Staples v. CBL & Associates 15 S.W.3d 83, 89 (Tenn. 2000), as follows:

> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

In applying the above standard to the case on appeal we observe that the facts necessary for disposition of this case are undisputed and are succinctly set out in the brief of Megan and Bobbie:

> On May 15, 1999, Megan Arnold, who had just turned two years old, was seriously injured when her hand became caught in the running engine of a tractor. The accident occurred on the premises of Charles Arnold, the child's grandfather. Randy Arnold, Megan's father, and Charles Arnold were loading a fertilizer spreader attached to the tractor at the time of the accident. Megan had been in the custody, care and control of Randy and Charles Arnold and they failed to supervise, watch or control her sufficiently to have prevented her from being injured by the tractor.
>
> When Randy Arnold and his children first arrived at the Charles Arnold premises, they came around the back of Charles Arnold's truck to the fertilizer spreader. The elder Arnold had backed his truck up to the fertilizer spreader and was loading bags of fertilizer into the spreader. Randy Arnold took up position on the other side of the spreader from Charles Arnold and began helping remove the bags from the truck and load their contents into the spreader.

After about five minutes had passed, Megan spotted a water jug and asked if she could get a drink of water. She had been standing by Randy Arnold. Megan asked Charles Arnold if she could come around to his side of the spreader to get a drink. Charles Arnold told her she could do so and to come to his side of the spreader. Megan had to pass in front of the running tractor to reach her grandfather's side of the spreader. While she was in the vicinity of the front of the tractor, Megan stuck her hand between the fan belt and the alternator.

The tractor was running in order to build up a charge in the battery.

Both Randy Arnold and Charles Arnold knew Megan Arnold was an active child.

The grandfather's discovery deposition describes the events leading up to the accident more particularly:

Q        What was the water in, a container of some sort? I mean...

A        Yeah. I generally keep it in a little old jug setting around.

Q        So, she, she being Megan, apparently saw it?

A        Uh-huh.

Q        And were there cups there with the container?

A        No. It was just sort of a little old bottle like where the water comes in.

Q        What do you recall her asking you?

A        She said, Pap-paw, I want a drink of water. I said, well, come around and get it.

Q        Did you tell her to be careful, and not to come near the tractor?

A        No. I didn't tell her. I didn't think she would...

Q        I understand. Did her dad say anything to her?

A        No. He said, go on and get you a drink. That's all he said.

As to the suit against the father, the Supreme Court of this State, almost one hundred years ago, in the case of McKelvey v. McKelvey, 77 S.W. 664 (Tenn.1903), found a parent had absolute

immunity from a civil action brought by a child. This determination was reaffirmed by a divided Court in the case of <u>Barranco v. Jackson</u>, 690 S.W.2d 221 (Tenn. 1985).

Less than 10 years later a unanimous Court, in <u>Broadwell by Broadwell v. Holmes</u>, 871 S.W.2d 471 (Tenn. 1994), modified the rule as follows (at page 476):

> Parental immunity in Tennessee is limited to conduct that constitutes the exercise of parental authority, the performance of parental supervision, and the provision of parental care and custody. The operation of an automobile under the circumstances alleged in this case is not protected conduct under this standard.

In the present case the allegations of negligence as to the father are predicated upon his failing "to supervise, watch and/or control" Megan, resulting in her being attracted to the tractor and injuring her hand.

We believe in light of the allegations of the complaint and the depositions introduced, the case against the father falls within the remaining remnants of parental immunity as set out in <u>Broadwell</u>.

We, however, view the suit against the grandfather in a different light. We believe a jury could reasonably find that--given the fact that the child was an active two-year old, who had been given permission by the grandfather to come around the tractor with the exposed engine running-- the grandfather was negligent.

For the foregoing reasons the judgment of the Trial Court sustaining the summary judgment in favor of Randy L. Arnold is affirmed and the judgment denying the summary judgment in favor of Charles Arnold is also affirmed. The cause is remanded for further proceedings not inconsistent with this opinion. Costs of appeal, as well as those below incident to the suit against Randy L. Arnold are adjudged against Bobbie Arnold. Costs of appeal in the case against Charles Arnold are adjudged against him.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE